# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

FILED SEP 1 0 2003
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY_____ DEPUTY

DOCKETED

| | |
|---|---|
| JEFFREY K. JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-03-243-F |
| ) | |
| ADVANCE MAGAZINE ) | |
| PUBLISHERS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court is Defendants' Motion to Dismiss Second Amended Complaint filed August 11, 2003 (docket entry no. 44). Plaintiff has responded to the motion and upon due consideration, the court makes its determination.

On July 29, 2003, plaintiff filed a second amended complaint alleging claims against defendants, Advance Magazine Publishers, Inc., The Conde Nast Publications, Inc. and Mary A. Fischer, of defamation, false light invasion of privacy and intentional infliction of emotional distress. Plaintiff's claims arise out of the publication of an article in the December 1997 issue of *Gentlemen's Quarterly* Magazine ("*GQ*").

In their motion, defendants seek to dismiss plaintiff's second amended complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., on the grounds that the complaint fails to state a claim against defendants on which relief may be granted and the newly alleged claims of false light invasion of privacy and intentional infliction of emotional distress are barred by the applicable two-year statute of limitations. In regard to the latter ground, defendants assert that plaintiff has failed to set forth allegations in his second amended complaint which show that the newly alleged claims (even if treated as being filed on

February 24, 2003, the date of the original complaint) are not time barred. As to the former ground, defendants assert that the claims, as alleged, are defective and fail to state any claim against defendants.

Upon review, the court finds that plaintiff's claims of false light invasion of privacy and intentional infliction of emotional distress are not time barred. Although not alleged in the second amended complaint, the court takes judicial notice that plaintiff filed a defamation action against defendants in state court, which was removed to this court on November 25, 1998. The defamation action arose out of the publication of the subject *GQ* article. Plaintiff's action was dismissed without prejudice pursuant to a Stipulation of Dismissal Without Prejudice filed February 25, 2002. Since plaintiff's claim was dismissed "otherwise than upon the merits," plaintiff had until *February 25, 2003* to refile his action. 12 Okla. Stat. (2001) §100. Plaintiff's original complaint in this action was filed *February 24, 2003*. Although the false light and intentional infliction claims were not included in the original complaint filed on February 24, 2003, the newly alleged claims arise out of the transaction set forth in the original complaint, and therefore, pursuant to Rule 15(c)(2), Fed.R.Civ.P., relate back to the filing of the original complaint. Moreover, the Oklahoma Supreme Court has made clear that the savings clause in §100 extends the time for commencement of an action predicated on theories of liability that would have been timely pressed had they been actually raised in the original suit, where all theories arise out of the same operative facts. Chandler v. Denton, 741 P.2d 855, 863-864 (Okla. 1987). The newly alleged claims, subject to the two-year statutory limitations period of Okla. Stat. tit. 12, § 95(3), would have been timely pressed had they been raised in plaintiff's original suit and do arise out of the same operative facts as that suit. Therefore, plaintiff is entitled to pursue the new theories of liability even though these theories were not previously

alleged in the prior removal action. Id.

As to defendants' additional challenge of the second amended complaint (all claims are defective and do not state a claim), the court concludes that dismissal is not appropriate. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may assert by motion to dismiss that a claim in plaintiff's complaint fails to state a claim upon which relief can be granted. The rule thus provides a procedural device to test the formal sufficiency of the statement of a claim for relief by requiring the district court to appraise a complaint. This court is so guided in its appraisal by the language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), which provides that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

This court is also guided in its determination by Rule 8(a), Fed. R. Civ. P. Rule 8(a) sets forth the requirements for pleading a claim and requires that such pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It is only when the challenged pleading fails to meet these liberal standards and thus also fails to give notice to the opposing party of the nature of and the grounds for the claim presented that the pleading will be subject to dismissal under Rule 12(b)(6).

The court accepts all well-pleaded factual allegations in the complaint and construes them in favor of the non-moving party. Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001).

In so doing, the court finds under the foregoing procedural rules and judicial authority that each of plaintiff's claims do state a claim for relief against defendants. The court also concludes that many of the issues raised by defendants in their dismissal

3

motion are preferably addressed in a summary judgment motion.

Based upon the foregoing, Defendants' Motion to Dismiss Second Amended Complaint (docket entry no. 44) is **DENIED**.

ENTERED this 10th day of September, 2003.

/s/ S P Friot
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

03-0243p009.wpd